IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DENNIS DALE MACKEY, | Cause No. CV 13-50-H-DWM-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| WARDEN KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On September 3, 2013, Petitioner Dennis Dale Mackey filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Mackey is a state prisoner proceeding pro se.

Mr. Mackey contends that all of his state sentences should be running concurrently, but the Department of Corrections has calculated his sentences differently. One sentence, imposed in Cascade County 01-182, is running consecutively to two others, Lewis and Clark County 2009-252 and 2011-326. Mr. Mackey reasons that, at the time sentence was imposed in 2011-326, the sentence in Cascade County 01-182 was running concurrently with Lewis and Clark County 2009-252; further, the judge in 2011-326 ordered the sentence in 2011-326 to run concurrently with 2009-252 – which, as stated, was running concurrently with 01-

1

182. The Department of Corrections, however, calculated Mr. Mackey's sentence in a manner that makes the Lewis and Clark sentences, 2009-252 and 2011-326, concurrent with each other and consecutive to Cascade County 01-182. Pet. (Doc. 1) at 5 (Attachment).

Mr. Mackey filed a petition for writ of habeas corpus in the Montana Supreme Court. That court found no error in the Department's calculation. Order at 2, *Mackey v. Kirkegard*, No. OP 13-0150 (Mont. Mar. 27, 2013) (citing, inter alia, Mont. Code Ann. § 46-14-401).[1]

Although Mr. Mackey's federal petition is silent on the matter, his state habeas petition alleged that the 2011 Lewis and Clark sentence was ordered to run concurrently only with the 2009 Lewis and Clark sentence. The Cascade County sentence in 01-182 was not mentioned. *See* State Pet. at 1-2, *Mackey*, No. OP 13-0150 (Mont. Feb. 22, 2013). Under state law, "[s]eparate sentences for two or more offenses must run consecutively unless the court orders otherwise." Mont. Code Ann. § 46-18-401(4) (1995).

Where sentences are imposed in separate prosecutions or revocations of conditional release, federal law confers no right to concurrent sentences. Even if the Montana Supreme Court made a mistaken, the error would merely be one of

---

[1] This and the other documents from Mr. Mackey's state habeas proceeding are available at http://supremecourtdocket.mt.us (accessed Jan. 16, 2014). A court may take judicial notice of a state court's records that are directly related to a federal habeas petition, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute," Fed. R. Evid. 201(b).

state law. Errors of state law only are not a basis for federal habeas relief under 28 U.S.C. § 2254(a). *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) (per curiam); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Further, because state law does not confer an unequivocal entitlement on Mr. Mackey to serve all his sentences concurrently, and in fact provides otherwise, Mr. Mackey cannot plead a violation of his federal right to due process. *Cf. Hicks v. Oklahoma*, 447 U.S. 343, 347-48 (1980).

Mr. Mackey's petition should be denied, as he fails to allege that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, the facts Mr. Mackey alleges do not show a violation of federal law.

Neither federal law nor state law entitled Mr. Mackey to concurrent sentences. Mr. Mackey has made no showing at all, much less a showing with substance to it, that he was deprived of a federal right. There is no reason to encourage further proceedings. A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Mackey may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Mackey must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

DATED this 25th day of March, 2014.

/s/ Keith Strong_____
Keith Strong
United States Magistrate Judge